FREEMAN, J.,
delivered the opinion of the court.
Dixon and Avery filed their bill in the chancery court at Memphis, to enforce the collection of a note given by Warren & Looney, — against Warren only, a non-resident of the State, — the defendants, Alschuler and Seligman, being sued as debtors to Warren, and Winters, the sheriff of Shelby County, made a nominal party, as having process in his hands for the collection of one of the debts in favor of Warren.
The bill prayed for an attachment of the debt, and judgment in favor of Warren, and for an injunction restraining the sheriff from paying over money to Warren, and restraining Alschuler and Warren from making any settlement of the judgment, or -any compromise of a suit in which judgment by default had been taken, and a writ of inquiry awarded, which was. still pending.
As to the interest of Warren, thus sought to be impounded, it is set forth in the bill that Warren is beneficially interested in two suits in the Law Court of Memphis, and that Seligman , is indebted to him on certain judgments rendered against Seligman in his favor.
It is alleged that Warren had obtained a judgment against Seligman before the war, and that two executions had been issued thereon and levied upon his. property, which Simon Alschuler had replevied from the hands of the officer, bringing two actions of re-plevin in the Law Court of Memphis, in one of which a judgment had been rendered in Warren’s favor for *561 $207, and costs, against Alscheler - and his sureties on the 'replevin bond, the execution being in- the hands of Winters, the sheriff.
That in the other cases, a judgment by default had been taken, and a writ of inquiry awarded, which had not then been executed.
The bill then charges that the complainants know nothing of the merits of these two suits, but that it is apparent that Seligman is indebted to Warren in an amount sufficient to cover complainants’ note, and costs of suit: how it is apparent, does not very clearly appear.
An attachment is in the record, but there is no return of its execution.
An injunction forbidding Seligman from paying the debt owed by him to Warren, 'was served on Selig-man by the coroner.
A subpcena was served on Seligman by a deputy of the sheriff.
The bill was taken for confessed as against Warren, upon publication, after a return of “not to be found,” the order reciting that it appeared that he was a non-resident of the State.
The bill was also taken for confessed against Se-ligman, he having been served with a subpcena, but failing to answer.
The first point we need notice here is the objection that the subpoena was served on Seligman by a deputy of the sheriff, who was party to the bill.
There is nothing in this objection.
Section 381 of the Code was intended to apply only *562 to the case of the sheriff’s being a party in interest, not where he is a mere nominal party, and no redress is sought against him.
The sheriff was in no wise interested in this case,— he had no interest to be affected by the result of the litigation. He was probably not even a proper party to the suit. It was not like the case of Riner v. Stacy, 8 Hum., 289, where the sheriff owned the execution, or the debt.
The next objection is, that the subpoena was served, but no copy of the bill.
We do not think this fatal to the decree. The subpoena commanded him to appear, — made him a party to the case, — and he could, on application to the court, have had a copy of the bill furnished him, if he desired it, for his defense.
It is next urged that the decree against Seligman is void because the attachment was not executed,— publication being made as to Warren without such service, — and the decree against him being therefore void, and therefore no decree being possible against his debtor.
We think, upon an examination of the case, that as no attachment was executed, so as to fasten upon the debt due Warren, no publication was authorized. Such is the clear meaning of the Code, sections 3578, etc., on this subject.
It is not a case where the attachment was only an incident to the suit, — to fix a lien upon property, or impound it to abide the result of the litigation; but one where the attachment was the original process.
*563 Warren not being a part to the suit, and the decree being void as to him, no decree could properly be rendered against Seligman, to subject this debt due from him to Warren; and the decree against him must be reversed.
But as the suit was properly commenced against Warren and Seligman, — having only been prosecuted irregularly, and brought to a decree prematurely, we are compelled to remand the case, to be fnrthei proceeded in by the chancery court.
The costs of the court below, and of this court, will be paid by the complainants.
Alschuler filed his answer as a cross-bill against Seligman, alleging that Alschuler’s property had been levied on to satisfy the debt of Warren against Selig-man, — that Seligman had no right to the property sought to be subjected, having conveyed it to Alschu-ler, by bill of sale with Avarranty of title, and that judgment by default had been rendered in the action of replevin for the property.
Alschuler asks, that he have a decree against Se-ligman for the amount of this judgment, on breach of warranty in the bill of sale.
This was decreed by the Chancellor.
Upon an examination of the allegations of the bill, we think, contrary to our first impression, that it does not show any right to relief on the part of Alschuler against Seligman, although it was taken for confessed.
It fails to show a want of title in Seligman, or of a right to convey at the time of the sale, or a breach of warranty; and, in fact, only shows that *564 Alschuler has lost his property by the neglect of his attorneys to defend the suit.
Without looking further into the case, the decree of the Chancellor upon the cross-bill will be reversed, and the cross-bill dismissed — with the costs of this court and of the court below.